**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| SUGAR RAY FRANKLIN,         ) | | |
| ID # 255211,         ) | | |
| Petitioner,     ) | | |
|      ) | | |
| vs.     ) | No. 3:21-CV-1626-E-BH | |
|      ) | | |
| B. POLK, Warden,     ) | | |
| Respondent.     ) | Referred to U.S. Magistrate Judge[1] | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Before the Court is the *Petition for a Writ of Habeas Corpus by a Person in State Custody*, received on June 14, 2021 (doc. 1). Based on the relevant filings and applicable law, the petition should be **DENIED** with prejudice as barred by the statute of limitations.

## I.     BACKGROUND

Sugar Ray Franklin (Petitioner), an inmate currently incarcerated in the Texas Department of Criminal Justice-Correctional Institutions Division (TDCJ-CID), Gib Lewis (GL) Unit, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging his 1976 conviction and sentence in Cause No. F-75-12010-MI in the Criminal District Court No. 2 of Dallas County, Texas. (*See* doc. 1 at 2)[2]; *see also State v. Jackson*, No. F-75-12010-MI (Crim. Dist. Ct. No. 2), *available at* https://obpublicaccess.dallascounty.org/PublicAccessEP1/CriminalCourts/ (last visited July 20, 2021). He also appears to challenge the state habeas proceedings in Cause Nos. W-75-12010-I(A) and W-75-12010-I(B). (*See* doc. 1 at 2, 9.) The respondent is B. Polk, Warden of the GL Unit. (*See* doc. 1 at 1.)

---

[1] By *Special Order No. 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation.

[2] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

In 1976, Petitioner was convicted of murder in Cause No. F-75-12010-MI and sentenced to life imprisonment. *See Jackson*, No. F-75-12010-MI, *Jury Charge-Verdict*, *Jury Charge-Sentencing*, *available at* https://obpublicaccess.dallascounty.org/PublicAccessEP1/CriminalCourts/ (last visited July 20, 2021). On February 21, 1979, the Texas Court of Criminal Appeals affirmed the judgment. *See Franklin v. State*, 577 S.W.2d 270 (Tex. Crim. App. 1979). He filed a state habeas application in 1982 that was denied without written order by the Texas Court of Criminal Appeals on July 21, 1982. (*See* doc. 1 at 3-4); *Ex parte Franklin*, No. WR-08, 108-03 (Tex. Crim. App. July 21, 1982). On October 16, 2018, Petitioner filed a state petition for leave to file an application for writ of mandamus that was denied on November 7, 2018. *See In re Franklin*, WR-08, 108-11 (Tex. Crim. App. Nov. 7, 2018) (orig. proceeding). Petitioner filed two additional state habeas applications in the state trial court on October 2, 2018, and May 5, 2020. (*See* doc. 1 at 4-5.) They were received by the Texas Court of Criminal Appeals on January 22, 2019, and June 22, 2020, and were dismissed without written order as successive writs on February 27, 2019, and January 27, 2021, respectively. (*See id.*); *Ex parte Franklin*, No. WR-08, 108-13 (Tex. Crim. App. Feb. 27, 2019); *Ex parte Franklin*, No. WR-08, 108-17 (Tex. Crim. App. Jan. 27, 2021).

Petitioner's § 2254 petition raises the following claims:

(1) Conviction obtain [sic] without trial court obtaining jurisdiction, judgment of court is a nullity and void violates U.S.C.A. Const. 5, 6, 14, Amend.;

(2) Trial court constructively amended indictment F75-12010-I to F75-12010-MI without a grand jury approval, violate U.S.C.A. Const. 5, 6, 14, Amend.;

(3) Prosecution committed a Brady violation by suppression of a grand jury true bill indictment F-75-12010-I, violates U.S.C.A. Const. 5, 6, 14 Amend.;

(4) Prosecutional [sic] misconduct of evidence tampering, perjury, did taint the jury's verdict of guilt and prejudice his right to a fair trial U.S. Const 14th;

(5) Petitioner was denied his right to a hearing on the constitutional merits on state habeas W75-12010-I(A) in violation of his due process; and

(6) Petitioner was denied a hearing on the constitutional merits of denying him the right to effectiveness [sic] assistance of counse [sic] on habeas W-75-12010-I(B).

(doc. 1 at 7-9.)

## II.    COGNIZABILITY

Petitioner's fifth and sixth grounds for relief appear to challenge the state habeas proceedings relating to his conviction.

Federal district courts have jurisdiction to entertain petitions for writs of habeas corpus under § 2254 only from persons who are "in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  State habeas proceedings are collateral to the criminal proceedings resulting in a defendant's custody.  *See, e.g.*, *Woodard v. Thaler*, 702 F. Supp. 2d 738, 783 (S.D. Tex. 2010) ("State habeas review is, by its basic nature, collateral to the proceedings resulting in a prisoner's custody.").  As such, "[a]n attack on a state habeas proceeding does not entitle the petitioner to [federal] habeas relief in respect to his conviction, as it 'is an attack on a proceeding collateral to the detention and not the detention itself.'"  *Nichols v. Scott*, 69 F.3d 1255, 1275 (5th Cir. 1995); *see also Brown v. Dretke*, 419 F.3d 365, 378 (5th Cir. 2005) ("alleged infirmities in state habeas proceedings are not grounds for federal habeas relief."); *Moore v. Dreke*, 369 F.3d 844, 846 (5th Cir. 2004) ("It is axiomatic that 'infirmities in state habeas proceedings do not constitute grounds for federal habeas relief.'")  Accordingly, to the extent Petitioner's fifth and sixth grounds for relief challenge the state habeas proceedings relating to his conviction, they are not cognizable in this § 2254 action and should be denied.

3

### III.    STATUTE OF LIMITATIONS

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1214, on April 24, 2006.  It applies to all federal petitions for habeas corpus filed after its effective date.  *Lindh v. Murphy*, 521 U.S. 320, 326 (1997); *see also* 110 Stat. 1217-1221 (governing habeas petitions in federal court).  Among its provisions, AEDPA establishes a one-year limitations period for state inmates seeking federal habeas relief.  *See* 28 U.S.C. § 2244(d).  Section 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  Petitioner's conviction became final after his conviction was affirmed on appeal in 1979.

When a conviction becomes final before the April 24, 1996 enactment of the AEDPA, the petitioner has one year following the effective date of the AEDPA in which to file a federal petition for a writ of habeas corpus.  *Williams v. Cain*, 217 F.3d 303, 304 n.1 (5th Cir. 2000).  "[W]hen

computing the one year time period applicable to petitions raising claims that would otherwise be time-barred as of . . . April 24, 1996, that date must be excluded from the computation and petitions filed on or before April 24, 1997 are timely." *Flanagan v. Johnson*, 154 F.3d 196, 202 (5th Cir. 1998). The one-year period of limitations does not apply prior to its effective date. Petitioner is therefore entitled to the one-year grace period which would end, in the absence of tolling, on April 24, 1997.

Petitioner does not allege that state action prevented him from filing a § 2254 petition earlier, and he has not alleged any newly recognized constitutional right made retroactively applicable to cases on collateral review. *See* 28 U.S.C. §§ 2244(d)(1)(B), (C). Under subparagraph (D), the facts supporting Petitioner's cognizable § 2254 claims became known or could have become known prior to AEDPA's enactment on April 24, 1996. *See* 28 U.S.C. § 2244(d)(1)(D). Because he filed his § 2254 petition over 24 years after the one-year grace period expired, the petition is untimely under § 2254(d)(1) in the absence of statutory or equitable tolling.

A.    **Statutory Tolling**

Section 2244 mandates that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

Petitioner did not have any state habeas applications pending at the time AEDPA was enacted. His state habeas applications following the enactment of AEDPA were filed in the trial court on October 2, 2018, and May 5, 2020, over 21 and 23 years, respectively, after the statutory limitations and grace period ended on April 24, 1997. (*See* doc. 1 at 4-5.) They therefore do not toll the limitations period under § 2244(d)(2). *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir.

2000) (application filed in state court after expiration of the limitations period does not statutorily toll the limitations period). The statutory tolling period does not save the petition.

**B.    <u>Equitable Tolling</u>**

The AEDPA's one-year statutory deadline is not a jurisdictional bar and can, in appropriate exceptional circumstances, be equitably tolled. *Holland v. Florida*, 560 U.S. 631, 645 (2010); *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 2000) (recognizing that only "rare and exceptional circumstances" warrant equitable tolling). "The doctrine of equitable tolling preserves a [party's] claims when strict application of the statute of limitations would be inequitable." *Davis*, 158 F.3d at 810 (quoting *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 1995)). It "applies principally where [one party] is actively misled by the [other party] about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. Am. President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). A habeas petitioner is entitled to equitable tolling only if he shows that: (1) "he has been pursuing his rights diligently," and (2) some extraordinary circumstance prevented a timely filing. *Holland*, 560 U.S. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). The petitioner bears the burden to show entitlement to equitable tolling. *See, e.g.*, *Phillips v. Donnelly*, 223 F.3d 797, 797 (5th Cir. 2000) (per curiam). Courts must examine each case in order to determine if there are sufficient exceptional circumstances that warrant equitable tolling. *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999).

Here, Petitioner argues that the one-year limitations period should not bar his § 2254 petition because "[a] judgment of court without active jurisdiction over person and subject matter is void and may be attacked anywhere at anytime, a void judgment it [sic] does not effect, impair or create legal rights, [t]he absence of the States [sic] jurisdiction renders the judgment a complete

6

nullity and void that exempts the petitioner from the rules of procedural default[.]"  (doc. 1 at 11.) "[T]he argument that a state conviction is 'void' does not provide a basis upon which to evade the statute of limitations," however.  *Soto-Sigala v. Director*, No. 6:16cv918, 2016 WL 9115989, at *3 (E.D. Tex. Oct. 3, 2016) (citing cases); *see also Henson v. Thaler*, No. 4:12-CV-759-Y, 2013 WL 1286214, at *2 (N.D. Tex. 2013) (citing cases and noting the uniform rejection of argument that the statute of limitations does not apply to § 2254 petition where the challenged conviction is allegedly void); *Sherman v. Thaler*, No. H-09-1409, 2010 WL 1994348, at *2 (S.D. Tex. May 17, 2010) ("Although a petitioner's claim that his conviction is void may provide a basis for habeas relief if proven, it provides no basis for statutorily or equitably tolling the AEDPA limitations period under either existing case law or provisions of the federal statute itself.").  Accordingly, Petitioner has not met his burden to show that he has been pursuing his rights diligently, or that an extraordinary circumstance prevented him from timely filing his petition.  He has failed to meet his burden to show that he is entitled to equitable tolling.

## C.   <u>Actual Innocence</u>

In *McQuiggin v. Perkins*, 569 U.S. 383, 386-92 (2013), the Supreme Court held that even where a habeas petitioner has failed to demonstrate the due diligence required to equitably toll the statute of limitations, a plea of actual innocence can overcome the AEDPA statute of limitations under the "miscarriage of justice" exception to a procedural bar.  A tenable actual innocence claim must persuade a district court that it is more likely than not that no rational fact-finder would have found the petitioner guilty beyond a reasonable doubt in light of the new evidence and the evidence presented at trial.  *Floyd v. Vannoy*, 894 F.3d 143, 155 (5th Cir. 2018) (citing *McQuiggin*, 569 U.S. at 386). The untimeliness of a plea of actual innocence does bear on the credibility of the evidence offered. *McQuiggin*, 569 U.S. at 399-400. "[A] credible claim [of actual innocence to

excuse the untimeliness of a habeas petition] must be supported by 'new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence–that was not presented at trial.'" *Floyd*, 894 F.3d at 155 (quoting *Schlup v. Delo*, 513 U.S. 298, 324 (1995)). "This exception's demanding standard requires 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.' . . . The standard is seldom met." *Id.* at 154-55 (citing *McQuiggin*, 569 U.S. at 401; *House v. Bell*, 547 U.S. 518, 538 (2006)).

Petitioner claims that he "is actually and factually innocent of the sentence imposed," and alleges that "if not for a concern [sic] citizen and Texas Open Record Act this evidence attached with memorandum could not have been discovered." (doc. 1 at 8.) Petitioner's claims and the evidence on which he relies, consisting of court records, do not present evidence of actual innocence. He is therefore not entitled to equitable tolling on the basis of alleged actual innocence.

## IV.    RECOMMENDATION

The *Petition for a Writ of Habeas Corpus by a Person in State Custody*, received on June 14, 2021 (doc. 1), should be **DENIED** with prejudice as barred by the statute of limitations.

**SIGNED this 21st day of July, 2021.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## <u>NOTICE OF RIGHT TO APPEAL/OBJECT</u>

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE