**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **SUGAR RAY FRANKLIN,** | ) | |
| **ID # 255211,** | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **vs.** | ) | **No. 3:21-CV-1626-E-BH** |
| | ) | |
| **B. POLK, Warden,** | ) | |
| **Respondent.** | ) | **Referred to U.S. Magistrate Judge[1]** |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Before the Court is the *Petitioner's Objections to the Magistrate's Findings, Conclusions, and Recommendation*, received on August 17, 2021 (doc. 15).  Based on the relevant filings and applicable law, the filing should be construed as a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e) and **DENIED**.

**I.        BACKGROUND**

Sugar Ray Franklin (Petitioner) filed a federal habeas petition under 28 U.S.C. § 2254 that was received on June 14, 2021.  (*See* doc. 1.)  On July 21, 2021, it was recommended that the petition be denied with prejudice as barred by the statute of limitations.  (*See* doc. 9.)  The recommendation was accepted, the § 2254 petition was denied with prejudice as barred by the statute of limitations, and judgment was entered on August 13, 2021.  (*See* docs. 12-13.)

On August 17, 2021, Petitioner's objections to the recommendation, dated August 11, 2021, were received.  (*See* doc. 15.)  Petitioner argues that the recommendation "misrepresented and misconstrued the actual issues in this proceedings [sic]," and claims that the "[q]uestion before the court [sic] can the AEDPA legitimize a void judgment and conviction which clearly shown

---

[1] By *Special Order No. 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation.

[sic] it lacks jurisdiction of the petitioner's person or the jurisdiction to act as court?" (*Id.* at 2.) He also argues that "he is actual and factual innocence [sic] of the conviction because of voidness," and he should be exempt or excused from the statute of limitations "in the interest of justice" and because "there is no statute of limitations on one that commits murder." (*Id.* at 2-3.)

## II.     NATURE OF FILING

According to the filing, Petitioner received a copy of the recommendation to deny his § 2254 petition as barred by the statute of limitations on August 10, 2021, the objections to the recommendation were signed prior to and mailed no earlier than the date the recommendation was accepted, and neither the acceptance of the recommendation nor the entry of judgment was mentioned. (*See id.* at 2-4.) The objections are therefore construed as timely pre-judgment objections to the July 21 recommendation. *See, e.g.*, *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999) (recognizing that prisoners file their federal pleadings when they place them in the prison mail system), *abrogated on other grounds by Richards v. Thaler*, 710 F.3d 573, 578-79 (5th Cir. 2013). Because Petitioner's objections were received within 28 days of the entry of judgment, they should be liberally construed as a motion to alter or amend the judgment under Rule 59(e) of the Federal Rules of Civil Procedure. *See Williams v. Thaler*, 602 F.3d 291, 303 (5th Cir. 2010) ("When a litigant files a motion seeking a change in judgment, courts typically determine the appropriate motion based on whether the litigant filed the motion within Rule 59(e)'s time limit."), *abrogated on other grounds by Thomas v. Lumpkin*, 995 F.3d 432, 440 (5th Cir. 2021); *see also Rogers v. McKee*, No. 9:06cv228, 2007 WL 2900545, at *2 (E.D. Tex. Oct. 1, 2007) (construing objections to recommendation received after dismissal of habeas petition as motion for relief from judgment) (citing *Bagley v. Bd. of Directors-Farmers Nat'l Bank*, 31 F. App'x 152 (5th Cir. 2001) (holding that objections filed after the entry of an order of dismissal should be construed as a Rule

60 motion for relief from judgment)).

### III.    FED. R. CIV. P. 59(e)

To prevail on a motion to alter or amend a judgment under Rule 59(e), the moving party must show (1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) a manifest error of law or fact. *See Schiller v. Physicians Resource Group Inc.*, 342 F.3d 563, 567 (5th Cir. 2003). A Rule 59(e) motion is "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). Although courts have "considerable discretion" to grant or to deny a Rule 59(e) motion, they use the "extraordinary remedy" under Rule 59(e) "sparingly." *Id.* When considering a motion to alter or amend a judgment, "[t]he court must strike the proper balance between two competing imperatives: (1) finality, and (2) the need to render just decisions on the basis of all the facts." *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 355 (5th Cir. 1993).

Here, Petitioner reasserts his § 2254 claim that the state court lacked jurisdiction when it convicted him, and his allegation of actual and factual innocence. (*See* doc. 15 at 1-2.) He also argues that "any procedural default should be exempt in the interest of justice, because if known no rational juror would have voted to convict the petitioner," and that his case should not be barred by the statute of limitations because there is no statute of limitations for murder. (*Id.* at 2-3.) He does not allege any new evidence or a change in the law, and he has not demonstrated a manifest error of law or fact. As noted in the recommendation, under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1214, Petitioner had a one-year grace period until April 24, 1997, in the absence of tolling, to file his § 2254 petition. (*See* doc. 9 at 4-5.) He did not file his petition until over 24 years after the one-year grace period expired. (*See id.*

at 5.)  The recommendation also noted that Petitioner's argument that he should be exempt from the statute of limitations because his state conviction was allegedly void did not provide a basis for equitable tolling.  (*See id.* at 6-7.)  Further, his claims of actual and factual innocence, and the evidence upon which he relied, did not present evidence of actual innocence.  (*See id.* at 8.)

Because Petitioner has not shown the availability of new evidence not previously available, or that a manifest error of law or fact was made, he has not shown that he is entitled to relief under Rule 59(e).

## IV.    RECOMMENDATION

The *Petitioner's Objections to the Magistrate's Findings, Conclusions, and Recommendation*, received on August 17, 2021 (doc. 15), should be construed as a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e) and **DENIED**.

**SIGNED this 8th day of September, 2021.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

4

## INSTRUCTIONS FOR SERVICE AND
## <u>NOTICE OF RIGHT TO APPEAL/OBJECT</u>

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE